UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANTHONY GEORGE HEREFORD, JR., | ) | |
| Institutional ID No. 1864452, | ) | |
| SID No. 6135781, | ) | |
| Previous TDCJ Nos. 1281137, 1523411, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-222-BG |
| AMANDA MCKINNEY SAY, | ) | ECF |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Appearing *pro se* and *in forma pauperis*, Plaintiff Anthony George Hereford, Jr., an inmate

incarcerated by the Texas Department of Criminal Justice (TDCJ), filed this action pursuant to 42

U.S.C. § 1983.  Hereford claims that Defendant District Attorney (D.A.) Amanda McKinney Say

violated his constitutional rights with regard to actions that she undertook in pursuing criminal

charges and seeking an indictment against him.

The United States District Court transferred this case to the undersigned United States

Magistrate Judge for further proceedings.  The undersigned thereafter reviewed authenticated

records from Lubbock County and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d

179, 181–82 (5th Cir. 1985).  The undersigned provided Hereford with an opportunity to consent

to the jurisdiction of the United States Magistrate Judge, but Hereford did not consent.  Pursuant to

the order of transfer, the undersigned now files this Report and Recommendation and recommends

that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.      Standard of Review

A court must dismiss a prisoner complaint filed *in forma pauperis* if the court determines that

the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.    28 U.S.C.

§§ 1915(e)(2)(B); 1915A(b) (2014).  A frivolous complaint lacks any arguable basis, either in fact

or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.

2d 338 (1989).  A complaint lacking an arguable basis in fact rests upon clearly baseless factual

contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless

legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  In reaching a

determination regarding the viability of the complaint, the court may consider reliable evidence such

as the plaintiff's allegations, sworn testimony obtained at a *Spears* hearing, and authenticated

records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

## II.    Discussion

Hereford was indicted on July 10, 2007, by a grand jury for the 140th District Court of

Lubbock County for possession with intent to deliver cocaine.  During the course of Hereford's

arrest, the police officers noticed something in his mouth, but Hereford refused the orders to open

his mouth.  The officers took Hereford to the hospital out of concern that he had swallowed some

of the substance.  According to the testimony at the trial, police officers tased Hereford several times

at the scene of the arrest and after arrival at the hospital.  Ultimately he was found to have crack

cocaine in his hand and in his mouth.  Hereford was tried, convicted by jury on May 14, 2008, and

sentenced to 50 years in TDCJ.

Hereford appealed.  Upon appeal, the Court of Appeals for the Seventh District of Texas

overruled Hereford's contention—detailed in his Complaint—that the trial court erred in overruling

his motion to suppress because the State failed to tender into evidence the arrest warrants upon

which the arresting officer acted.  The court concluded that a reasonable officer presented with the circumstances would have been justified in arresting Hereford despite the absence of a warrant due to Hereford's prior evasion of the officer when he was stopped a week earlier. The court, however, found that the evidence of drugs should have been suppressed because the manner in which the drugs were obtained—the repeated tasings of Hereford in the field and at the hospital in the officers' efforts to coerce him to spit out the drugs in his mouth—was unreasonable, excessive, and a violation of due process.  The appeals court noted that the State failed to illustrate that the loss or destruction of the drugs was imminent or even probable because if Hereford intended to swallow the drugs, he would have done so rather than risk the effects of physical force.  Finding harmful error, the appeals court reversed and remanded the trial court's judgment.

The State appealed to the Texas Court of Criminal Appeals, which granted the State's Petition for Discretionary Review, affirmed the judgment of the appeals court, and denied the State's motion for a rehearing.  Upon remand the State moved the trial court to dismiss the cause without prejudice, citing inadmissable evidence.  The trial court granted the motion and dismissed the cause. Hereford is currently incarcerated in TDCJ as a result of separate and distinct charges unconnected with the cause at issue.

Hereford complains that Defendant D.A. Say did not have probable cause to go before the grand jury to seek an indictment against him because she had knowledge of Fourth Amendment violations—namely, excessive force used by the police officers—that occurred during his arrest. At the *Spears* hearing, Hereford testified that D.A. Say should have evaluated the police reports prior to seeking an indictment from the grand jury.  He contends that because a prosecutor is presumed to know controlling case law, D.A. Say should have recognized the Fourth Amendment

violations stemming from the officers' actions and refrained from presenting the evidence to the grand jury. He further contends that D.A. Say acted maliciously by indicting him without probable cause and initiating an unlawful prosecution. He seeks redress for due process violations, malicious prosecution, and false imprisonment related to the three years that he was incarcerated during the course of the proceedings.

The Court of Appeals for the Fifth Circuit has held that a claim of "malicious prosecution" standing alone does not violate the Constitution, and a plaintiff proceeding pursuant to § 1983 must allege a denial of rights secured under federal, not state, law. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). A plaintiff seeking damages for wrongful conviction must therefore assert a specific constitutional deprivation. *See id.* at 945. In *Castellano*, the court held that "causing charges to be filed without probable cause will not without more violate the Constitution" and as such "the assertion of malicious prosecution states no constitutional claim." *Id.* at 953. To the extent that Hereford complains of the fact that charges were filed against him, he has not stated a cognizable federal claim after *Castellano*. *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

*Castellano* does not, however, foreclose freestanding claims for due process violations. *See Castellano*, 352 F.3d at 956 ("We find no reasoned basis for concluding that § 1983 is never available to remedy injuries wrought by a denial of due process."). But Hereford has not alleged facts indicating a violation of his due process rights. *See Anderson v. City of New Orleans*, No. Civ. A. 03-3010, 2004 WL 1396325, at *6 (E.D. La. June 18, 2004) (finding plaintiff alleged no such "obviously abhorrent" violations of his right to a fair trial—such as the use of perjured or manufactured evidence in *Castellano*—that would rise to the level of a due process violation).

Furthermore, state prosecutors enjoy absolute immunity and are not amenable to suit under

§ 1983 when acting within the scope of their duties by initiating and pursuing a criminal prosecution and presenting the State's case. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)).  In *Imbler*, the Court noted that the threat of suit could undermine a prosecutor's ability to perform his duties and detailed a functional approach to prosecutorial immunity: immunity shields a prosecutor for activities "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 425, 430.  This includes all actions "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).

In this case, Hereford complains of D.A. Say's actions in pursuing criminal charges and seeking an indictment from the grand jury.  "The decision to file or not file criminal charges falls within [the] category of acts that will not give rise to section 1983 liability." *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *see also McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) (noting the "decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function").  Absolute immunity may also extend to a prosecutor's actions preliminary to the initiation of a prosecution and apart from the courtroom. *See Buckley*, 509 U.S. at 272–73; *see also Quinn v. Roach*, 326 Fed. App'x 280, 292 (5th Cir. 2009) (rejecting plaintiff's contention that prosecutors are only entitled to absolute immunity when engaging in advocacy before a court).  Examples of pre-trial duties falling under the umbrella of absolute immunity include "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made."

5

*Id.* at 273.

Hereford has not alleged facts indicating that D.A. Say acted outside the scope of the above-described duties in initiating the prosecution.  And nothing in the record indicates that D.A. Say is not entitled to the protection of absolute immunity.  D.A. Say is therefore entitled to absolute prosecutorial immunity and Hereford's claims fail as a matter of law.  *See e.g.*, *Clayton v. Garland Police Dep't*, No. 3:09–CV–2048–D, 2010 WL 2598200, at *2 (N.D. Tex. May 11, 2010) (holding district attorney's  "actions in deciding when to indict and when to dismiss the indictment were taken solely in his adjudicative role as prosecutor," for which he was "entitled to absolute immunity as a matter of law"); *see also Wallace v. Cannizzaro*, No. 09-4155, 2009 WL 3448128, at *5 (E.D. La. Oct. 22, 2009) (finding the district attorney's actions in initiating and pursuing the prosecution fell "well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability").

## III.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Hereford's Complaint and all claims therein with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and deny any pending motions.

Dismissal of this action should count as a qualifying dismissal—"a strike"—for purposes of the three strikes provision of the Prison Litigation and Reform Act (PLRA).  Further, the dismissal should not release Hereford or the institution of his incarceration from the obligation to pay the previously imposed filing fee.  *See Williams v. Roberts*, 166 F.3d 1126, 1128 (5th Cir. 1997). Hereford must therefore continue to pay the filing fee in monthly installments as ordered in the PLRA Filing Fee Order entered in this case.

## IV.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:        April 28, 2014.

NANCY M. KOENIG
United States Magistrate Judge

7