IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANTHONY GEORGE HEREFORD, JR., Institutional ID No. 1864452, Previous TDCJ ID Nos. 1281137, 1523411, SID No. 6135781 | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:13-CV-00222-C |
| AMANDA MCKINNEY SAY, | § § § | |
| Defendant. | § | ECF |

## ORDER

Plaintiff Anthony George Hereford, Jr., acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on September 27, 2013, and was subsequently granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Plaintiff alleges that Defendant Amanda McKinney Say, Assistant District Attorney for Lubbock County, Texas, violated his constitutional rights with regard to actions she took pursuing criminal charges and obtaining an indictment against him. The Defendant has not filed an answer.

On October 3, 2013, the complaint was transferred to the docket of the United States Magistrate Judge, who conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1998) on December 12, 2013. Because Plaintiff failed to consent to the jurisdiction of the Magistrate Judge, she completed the preliminary screening pursuant to 28 U.S.C. §§ 1915 and 1915A, filed a Report and Recommendation on April 28, 2014, and transferred the complaint back to this Court. Plaintiff filed objections to the Report and Recommendation on June 12, 2014.

The undersigned District Judge has made an independent examination of the record in this case and finds that Plaintiff's objections should be overruled and the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(1) All claims alleged in Civil Action No. 5:13-CV-00222-C against Assistant District Attorney Amanda McKinney Say are DISMISSED with prejudice as frivolous and for failure to state a claim.

(2) Any pending motions are DENIED.

(3) This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996).

(4) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(5) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated October 21, 2014.

SAM R. CUMMINGS
United States District Judge